Clarence Jefferson RUCKMAN,
Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12052.

Criminal Court of Appeals of Oklahoma.

Hendon & Hendon, Shawnee, Pat Brogan, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Clarence Jefferson Ruckman, was charged by an information filed in the County Court of Pottawatomie County with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $250 and has appealed.

Two assignments of error are presented. First, the court erred in refusing to sustain

defendant's motion for mistrial. Second, the court erred in giving instruction number four.

In connection with the first assignment of error, the record shows that the county attorney in his opening statement to the jury made the following remark: "He (defendant) also stated to Trooper McDaniel that he had been arrested for this same offense in Holdenville, and he would like to have this charge reduced to reckless driving." At the time this statement was made the record discloses the following occurred:

"By Mr. Claude Hendon: Just a minute, will you gentlemen please come up to the bench. (Whereupon the following proceedings were had outside the hearing of the jury.)

"By Mr. Hendon: At this time comes the defendant, Clarence Jefferson Ruckman, during the course of the County Attorney's opening statement, wherein the County Attorney stated in substance to the jury that a certain conversation was had between the defendant and one of the patrol officers on the night of the purported arrest, the defendant stating to the witness that he had once been in the same kind of a mess of trouble before this, and we ask the Court to direct and declare a mis-trial for the reason that the statement is prejudicial; it is an act on the part of the prosecution to place in issue the reputation and character of the defendant before the defendant himself had placed the same at issue, and that it is in violation of his priviliges and immunities afforded under the law, the constitution and the bill of rights.

"By the Court: The motion for mistrial is overruled.

"Mr. Hendon: To which ruling of the court the defendant excepts. (And whereupon the following proceedings were had in the presence of the jury:)

"By the Court: The County Attorney is hereby admonished to refrain from further reference to such prior conviction in his opening statement, and the County Attorney is directed to not interrogate any witness upon such prior conviction prior to the time that the defendant may place his own good character in issue in this case.

"Mr. Henry: To which ruling the State excepts and hereby gives notice of appeal to the Criminal Court of Appeals on a reserved question of law.

"By the Court: You jurors are hereby directed to disregard the last statement made by the County Attorney just before the recess to the effect that the witness, McDaniel, would testify as to a previous or former conviction of this defendant on the charge of driving an automobile while intoxicated in Hughes County; you are hereby admonished to disregard that statement by the County Attorney, and to put from your minds any consideration of the defendant's statement to the officer relative to a former or prior conviction on this identical charge."

In Call v. State, 39 Okl.Cr. 264, 264 P. 643, this court held:

"An opening statement is to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard, and facts should not be stated which cannot be proved.

"The criminal record of a defendant is not a matter to be referred to in the prosecuting attorney's opening statement.

"The remarks of the prosecuting attorney in opening statement that the testimony would show that the defendant had been convicted of forgery, and, while serving sentence, was convicted of manslaughter, held prejudicial error."

We think the manner in which this matter was handled emphasized the alleged prior conviction of the accused. The trial court was attempting to prevent error from getting into the record but the caution which he exercised caused him to make statements which had the effect of emphasizing to the jury that defendant had a former convic-

tion on a similar charge. As to whether this conduct on the part of the County Attorney and County Judge constitutes reversible error, it is necessary to consider the facts as established by the evidence.

Two highway patrolmen testified that as they were proceeding on the highway just east of McLoud, they saw an automobile on the wrong side of the road and as they approached it drove across the road to the other side. They flashed their red light, gave a warning signal and the car in question which was being driven by the defendant stopped off the shoulder on the correct side of the road. The officers testified the defendant was intoxicated. No evidence was offered on behalf of the accused and so far as the record discloses, there seems to be no question of the defendant's guilt. Under such a state of the record we do not feel that justice would be served by reversing the case for a new trial, but rather we feel that the jury because of the improper proceedings during the opening statement of the County Attorney gave the accused more punishment than they would have meted out to him if the statements as to an alleged prior conviction had been omitted.

We find no substantial merit to the second assignment of error for the reason that the erroneous matter complained of was inserted in the instruction at the request of counsel for the defendant. This was the statement in the instruction pertaining to the revocation of the license of the accused by the Commissioner of Public Safety in case of a conviction. We agree that the insertion of this matter in the instruction was improper, but it was requested by defendant's counsel, was favorable to him, and he is not now in a position to complain of such error.

There was no collision involved and defendant apparently without any difficulty stopped his automobile when the patrolmen flashed a warning signal. The facts are not so aggravated as to convince us that the jury would have given a jail sentence if they had not been improperly advised by the County Attorney that defendant had been in similar trouble. The judgment and sentence of the County Court of Pottawatomie County is accordingly modified by reducing the sentence from 30 days in the county jail and a fine of $250 to a fine of $150 and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.