Emmitt Earl STEVENSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15573.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Rehearing Denied July 6, 1971.

Hamilton & Carson, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Emmitt Earl Stevenson, hereinafter referred to as defendant, was· found guilty in the District Court of Oklahoma County, Case No. CRF–69–1190, of Murder and sentenced to life imprisonment. Judgment and sentence was imposed on September 19, 1969, in accordance with jury verdict, and this appeal perfected therefrom.

The evidence establishes that on June 2, 1969, at about 10:30 P.M., Stella Stevenson, the deceased, and wife of the defendant, was in the bathroom of her apartment with Clifford Gilbert, who was in the bathtub. Randolph Gilbert and Brenda Joyce Reese were seated in the living room of the apartment watching television, when defendant arrived and was admitted by Miss Reese. The defendant walked through the living room where the couple was watching television, carrying a rifle into the bathroom where he said something to the deceased and then shot Clifford Gilbert who was in the tub. The deceased and the defendant were observed struggling in the hall. Shortly after that, a second shot was fired. Randolph Gilbert then ran into the bedroom and saw the defendant standing over the deceased with rifle in hand. Defendant told Randolph Gilbert to back off, which Gilbert did and observed the defendant leave in his car.

Dorl Shirley, uncle of the defendant, testified that about "ten something" on June 2, 1969, the defendant arrived with a gun and stated that he had shot two people. Shirley took the weapon and summoned the police. Clifford Gilbert recovered from his wound and testified at the trial, stating that he had been living at the apartment with Stella Stevenson for some time and that on one occasion the defendant had caught him and the deceased in bed together.

It is defendant's first contention on appeal that the evidence at the preliminary examination was insufficient to hold defendant for trial. We have examined the transcript of the preliminary examination and find defendant's contention to be without merit. A long-standing rule of this Court in this regard was noted in Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749:

"Evidence on preliminary examination before a magistrate on a felony charge need not be sufficient to support conviction, but only to show that offense has been committed, and that there is sufficient reason to believe defendant guilty thereof."

We are of the opinion that the evidence offered at the preliminary examination was sufficient to show that a crime had been committed and reasonable grounds to believe that the defendant had committed the same. 22 O.S.1961, § 171.

Secondly, the defendant contends that the failure of the State to prosecute by indictment is in violation of the Fifth Amendment of the United States Constitution made applicable upon the State through the Fourteenth Amendment. Defendant cites no authority in support of this position and provides no argument which should require reversal of prior opinions of this Court which have held that in Oklahoma, prosecution may be by an information or grand jury indictment. In Parks v. State, Okl.Cr., 457 P.2d 818, 822, this Court held:

"This argument has been raised before in this Court on numerous occasions and it has consistently been held that in Oklahoma, the prosecution may be by indictment or information, and a prosecution by information does not violate the Fifth or Fourteenth Amendments of the United States Constitution."

Also, in Hampton v. State of Oklahoma, 368 F.2d 9 (10th Cir. 1966) the United States Court of Appeals held:

"Appellant's claim that his constitutional rights were violated because he was proceeded against in the state court by information rather than indictment was untenable as a matter of law. Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340. See, Okla. Const. art. 2, § 17; 22 Okl.St.Ann. § 301."

It is defendant's next contention that it was error for the trial court to overrule his motion to quash the jury panel for the reasons that the list of prospective jurors was drawn from the ad valorem taxpayers of the county as provided in 38 O. S.1961, § 33. Defendant urges that this statute is unconstitutional in that non-taxpaying and non-property residents of the county are excluded from jury duty. This issue was dealt with in Porter v. District Court, Okl.Cr., 462 P.2d 338 (1969). Defendant contends that his jury was not selected in strict compliance with 38 O.S. 1961, § 33, and that he was prejudiced as a result of this improper selection as evidenced by the fact that he received life imprisonment. We find no merit to the argument of the defendant in this regard, since the life sentence imposed is the minimum allowed by law on a conviction for murder. 21 O.S.1961, § 707. For the reasons set forth in the Porter decision we find defendant's contention to be without merit and we fail to see how the jury selection operated to prejudice the defendant.

Defendant next contends that it was error for the trial court to overrule his requested Instruction No. 1, which pertained to the defendant's mental and emotional condition and ability to know right

from wrong. We have examined the instructions in full and find they are a proper statement of the law taken together and that Instruction No. 10 expressly and correctly deals with the theory that if defendant's act was done in the heat of passion it would therefore constitute the crime of manslaughter first degree. We also note that the defendant did not put on any independent evidence tending to establish insanity. As stated in Hopkins v. State, 4 Okl.Cr. 194, 108 P. 420 (1910):

"A defendant cannot be heard to complain of the refusal of this Court to give instructions on insanity, where there is no evidence offered even tending to prove insanity on the part of the defendant." 4 Okl.Cr. at 194, 108 P. at 420.

Upon review of the instructions we are of the opinion that they are a proper statement of the law as determined by the facts put in evidence.

■ It is defendant's further contention that as he objected to the trial in two stages it was thus error for the court in the second stage of the proceedings to instruct regarding prison good time credits. As we recently held in McDoulett v. State, Okl.Cr., 486 P.2d 654 (1971):

"Although there is no authority to conduct a trial in two stages when defendant is not charged as a subsequent offender, it is not reversible error where no prejudice results or where defendant does not object."

We do not find that the defendant suffered any substantial prejudice by conducting a trial in a two-stage proceeding where the jury was not instructed as to punishment until after they had first determined if defendant was guilty of the crime charged.

Furthermore, this Court has held in Williams v. State, Okl.Cr., 461 P.2d 997 (1969), that it is reversible error to instruct the jury as to prison "good time" credits provided in Title 57, O.S.Supp.1970, § 138, and that when such instruction is given in a two-stage proceeding this does not require reversal, but is the basis for modification.

Defendant further contends that the trial court committed error in admitting into evidence State's Exhibit #1, the purported death weapon, as it was never properly identified and no chain of custody established. In Spence v. State, Okl.Cr., 353 P. 2d 1114 (1960), this Court held:

"Weapons, bullets, instruments, or other articles used, or respecting which there is sufficient evidence to justify a reasonable inference that such weapons, bullets, instruments, or other articles were or may have been used by the accused or his co-actors in the commission of a crime are admissible in evidence."

Upon examining the evidence we are persuaded that the rifle was properly identified and properly admitted into evidence.

Defendant contends it was error to deny his request motion for pre-trial inspection of "certain materials, documents, and instruments peculiarly within the possession of the District Attorney." Although defendant does not specify in his brief what materials he desired, we find from the record that the trial court denied his pretrial motion for the "criminal records of the prosecution witnesses" and "inspection of materials favorable to the defendant and in the possession of" the State.

As to pre-trial discovery and inspection of articles in the possession of prosecuting authorities, this Court has held there should be disclosure to the defendant of technical reports, Saddler v. Lackey, Okl. Cr., 319 P.2d 610, the alleged death weapon with reports concerning same, and defendant's statement to police, Doakes v. District Court, Okl.Cr., 447 P.2d 461 (1968).

Furthermore, 22 O.S.Supp.1970, § 749, enacted in 1969, expressly allows a defendant to a copy of the "statement of any person having knowledge of such criminal offense" made to any peace officer or prosecutor. This Court had denied inspection of the prosecutor's "work product." Shapard v. State, Okl.Cr., 437 P.2d 565 (1967).

And denied inspection of a detective's personal notes not subject to introduction into evidence. Smith v. State, Okl.Cr., 462 P. 2d 328 (1969).

These rulings have not dealt with the particular inspection requests made by defendant. The American Bar Association's Standards for Criminal Justice, Relating to Discovery and Procedure Before Trial, provides in part:

"2.1 Prosecutor's obligations.

(a) Except as is otherwise provided as to matters not subject to disclosure (section 2.6) and protective orders (section 4.4), the prosecuting attorney shall disclose to defense counsel the following material and information within his possession or control:

" *   *   *

"(vi) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial.

" *   *   *

"(c) Except as is otherwise provided as to protective orders (section 4.4), the prosecuting attorney shall disclose to defense counsel any material or information within his possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce his punishment therefor."

Said standards exclude from inspection prosecution's work product, identity of an informant, and matters involving national security as defined in Section 2.6.

■ Therefore, as to defendant's request for the criminal record of any prosecution witnesses we are of the opinion the trial court's denial was improper. The prosecution should have disclosed to defendant the criminal record of any of its witnesses. See, Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and Gordon v. United States, 127 U.S. App.D.C. 343, 383 F.2d 936 (1967). Knowledge of a witness' criminal record

merely puts defense counsel in the same position as the prosecution, which invariably has knowledge of the defendant's record, if any. Such information is peculiarly within the knowledge of the State. Although the denial of the witness' criminal record was improper, we do not deem it to be reversible error. Defendant does not show, nor do we find, any substantial prejudice to the defendant flowing from this denial. Generally such information is revealed on cross examination.

■ Likewise, we view as improper the trial court's denial of defendant's "inspection of materials favorable to the defendant and in possession" of the State. A criminal trial is not a game of hide and seek. Disclosure of items in the possession of the State which would negate a defendant's guilt is dictated by fundamental fairness. Such a disclosure might well save time and money, lessen the burden on the courts, and in addition protect the interests of the accused.

However, defendant does not show or intimate the prosecution had any materials favorable to defendant. It is of doubtful wisdom to reverse a conviction upon the mere speculation the prosecutor may have had some material favorable to defendant. One of the main purposes of pretrial discovery is to allow thorough preparation for trial and minimize surprise at trial. (ABA Standards on Discovery, Section 1.1(iii)). This purpose would not be served by reversal after trial. Accordingly, we hold that there is an insufficient showing to reverse for failure of the trial court to allow defendant's pre-trial request to inspect materials favorable to defendant.

■ Finally, the defendant contends that the evidence was insufficient and the punishment excessive. We find this position to be untenable as it is apparent from the record that there was sufficient evidence from which the jury could logically conclude that the defendant was guilty as charged. Where there is competent evidence in the record from which the jury

could reasonably conclude that the defendant was guilty this Court will not interfere with the verdict even though there may be sharp conflict in the evidence. Williams v. State, Okl.Cr., 373 P.2d 91.

Furthermore, as previously noted the defendant received the minimum punishment authorized upon conviction for murder and, therefore, he cannot be heard to complain of the sentence being excessive. 21 O.S.1961, § 707.

We, therefore, conclude that the evidence was sufficient to support the verdict and that the defendant's assignments of error are without merit. Accordingly, the judgment and sentence is hereby affirmed.

BRETT, J., concurs.

BUSSEY, P. J., concurs in result.