**John D. MORROW, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. A–18046.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1973.

Don Anderson, Public Defender, Frank B. Kirk, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Judge:

John D. Morrow, Jr., hereinafter referred to as defendant, entered pleas of guilty in the District Court of Oklahoma County, Cases No. CRF–72–1558 and CRF–72–1596, to two offenses of Robbery with Firearms; his punishment was fixed at twenty-five (25) years in each case to run consecutively, and from said judgments and sentences a timely Writ of Certiorari has been perfected to this Court.

The sole proposition asserts that the punishment is excessive. We are of the opinion that this proposition is well taken. The pre-sentence report reflects that the defendant, age 26, with four years of college, committed both robberies on the same evening because "my family did not have the food, clothing, and we were threatened to be without shelter." The pre-sentence report further reflects that the defendant had only a conviction of a traffic offense in 1966 and a trespassing conviction in 1971. Although this Court certainly does not condone the commission of armed robbery to provide for one's family, we are of the opinion that considering all the circumstances, the sentence is excessive. The judgments and sentences are accordingly modified to run concurrently, and as so modified, the judgments and sentences are affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part, and dissents in part.

BRETT, Judge (concurring in part, and dissenting in part).

I concur that the plea of guilty to the two charges of armed robbery in this case should be affirmed; but I dissent to the sentences, even as this decision modifies the two sentences, to be confinement for twenty-five years to run concurrently.

If the pre-sentence report is to be of any value, I believe it should be considered by the court, when sentence is imposed. In the instant case it is obvious that the report was not considered; and if it was considered, the sentence imposed resulted from prejudice.

I believe justice would be better served if the sentences herein were modified to be more consistent with the background study of defendant, with the two sentences to run concurrently. The probation report recommended the minimum sentence in this defendant's case, and states: "I do not believe that lengthy confinement will serve any useful purpose to the defendant or to

society in general." This conclusion was reached after considerable investigation of this defendant.

Therefore, I dissent to the sentences imposed on defendant in this case, as being excessive.