**James MANNS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18047.**

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1973.

Don Anderson, Public Defender, Frank B. Kirk, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Judge:

James Manns, hereinafter referred to as defendant, entered pleas of guilty in the District Court of Oklahoma County, Cases No. CRF–72–1558 and CRF–72–1596, to two offenses of Robbery with Firearms; his punishment was fixed at twenty-five (25) years in each case to run consecutively, and from said judgments and sentences a timely Writ of Certiorari has been perfected to this Court.

The sole proposition asserts that the punishment is excessive. We agree. The pre-sentence report reflects that the defendant, age 27, a college graduate, committed both armed robberies on the same evening because "I was experiencing difficulties with my wife (age 17) who was seven months pregnant. She wanted to determine how the family funds were to be spent. I had some very pressing creditors and I had to make arrangements to pay some of them." The pre-sentence report further reflects that the defendant had never been convicted of any type offense. Although this Court does not condone the commission of armed robberies to pay one's creditors, we are of the opinion that under such circumstances the judgments and sentences are excessive. The judgments and sentences are accordingly modi-

fied to run concurrently, and as so modified, the judgments and sentences are affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge (concurring in part and dissenting in part.)

I concur that the plea of guilty should be accepted in this case; but I dissent to the sentence imposed, even as modified by this Court.

This is a companion case to Morrow v. State, Okl.Cr., 513 P.2d 880 (1973). In this case, as well as in Morrow's case, the pre-sentence report recommended the minimum sentence after considerable investigation into the background of both men. It is interesting to note that the prosecutor recommended to the Judge that defendant herein, as well as Morrow, be sentenced to imprisonment for fifty (50) years on each charge of armed robbery, with the provision that the sentences run consecutively. This was the first conviction for both men. Defendant in this case didn't even have a record of traffic violations; but Morrow did have some traffic violations. How the prosecutor arrived at his recommendation of fifty (50) years is inconceivable. I agree with defense counsel's statement, in reference to the prosecutor's recommendation, "the State wants fifty years to do, but that is ludicrous in my opinion."

I believe the ends of justice would be better served if defendant's sentences herein were modified to be more consistent with the pre-sentence recommendation on each charge, to run concurrently. The pre-sentence report recommended the minimum sentence on each charge. If the ends of criminal justice in all cases is to cage men like animals, then the prosecutor's recommendation is appropriate. But, I do not conceive of such action being consistent with the proper administration of criminal justice.

Therefore, I dissent to the sentence imposed, as being excessive.