Paul Allen SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-298.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Givens L. Adams, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Paul Allen Smith, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF-75-4492, with the offense of Robbery in the First Degree, in violation of 21 O.S.1971, § 791, § 797 and § 798. Case was tried to jury, and a guilty verdict was returned. Punishment was assessed at ten (10) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

Ruby Johnson testified that on November 29, 1975, she was employed as a housekeeper at the Cambridge Inn. Another maid notified her of a disturbance involving defendant; together they went to the front desk, looking for the motel manager, Mr. Hiney. While going to the front desk they observed defendant in a hall leaning up against an ice machine. Mr. Hiney was not at the front desk, so the witness left in order to find him. The front desk clerk had seemed quite nervous, so, during her search the witness called the front desk. A man answered, which was not usual, so the witness returned to the front desk where she observed defendant sitting on the counter. At about that time Mr. Hiney arrived. The witness and the desk clerk went into a rear room. Mr. Hiney called the police, as per defendant's request. Defendant then took the phone from Hiney, stating "I want to talk to my brother." He then told the witness not to leave, and to get all of the employees together, that he was going to "take over." While the witness was in the back room, she heard several blows struck. She then called the police several times, and next observed Hiney in the swimming pool, where defendant was striking him with a long pole. Subsequently the police arrived and arrested defendant.

Gary Hiney stated that he was the manager of the Cambridge Inn. At about 1:00 p.

m. on the day in question, he heard his name being called, and went to the front office. There he observed defendant sitting on the front desk. The defendant told the witness to call the police. The witness called, and spoke briefly. Defendant took the phone away from the witness, said something into it, and laid it down. The witness picked it up, told the police dispatcher he needed a scout car, and hung up. Defendant then accused the witness of not calling the police. Defendant then stated that he wanted to talk with his brother. Defendant started to use the phone, and the witness walked into the back room to question the desk clerk and maids in an effort to find out what was going on. The defendant then came into the office area, stated "you are trying to get away," and began striking the witness in the face, at first with fists, and then with the telephone receiver. Defendant then demanded that all employees be brought to the front, because he was "taking over." Subsequently, defendant had the witness remove two rings from his fingers, which defendant took. Defendant then grabbed Hiney's arm and propelled him out the front door, through a patio area to the swimming pool. Defendant pushed the witness in the pool, and then demanded that he get out. The witness remembered little after this other than waking up several times in the ambulance and hospital. The witness identified several pictures of his face, showing the injuries which he had received. He also identified State's Ex. No. 3, the rings taken from him by the defendant.

Officer Tom Vernon responded to the call, and observed the front office to be deserted. By the pool he found defendant, who was agitated and incoherent. The witness arrested the defendant, and at the booking desk, removed two rings from defendant's hands, which he identified in court as State's Ex. No. 3.

Mary Sable and Suzette Townsend, employed at the Cambridge Inn on the day in question, corroborated the accounts given by the other witnesses. Gaylord Fisher, Oklahoma City Police Officer assigned to the crime lab, identified several pictures he took of the scene.

Defendant presented no evidence, and raises only one assignment of error on appeal. His contention is that the trial court committed reversible error in failing to instruct on material aspects of defendant's case, concerning his capacity to commit crime under 21 O.S.1971, § 152 Subs. 4 and 6, which state:

"4. Lunatics, insane persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness . . .

"* * *

"6. Persons who committed the act charged without being conscious thereof."

Defendant contends that instructions covering these defenses should have been given on the basis of evidence presented in the State's case in chief which tended to show that in the opinion of several of the State's witnesses, defendant was "not acting normal." In support of this contention defendant cites *Provo v. State*, Okl.Cr., 549 P.2d 354 (1976) wherein this Court reversed a murder conviction for failing to give an instruction on manslaughter in the first degree, the necessity for which was raised by the State's own evidence. In *Provo*, as here, there was no request at trial for the instruction which was sought on appeal. Additionally herein, no objections were taken to the instructions which were given.

In *Whisenhunt v. State*, Okl.Cr., 279 P.2d 366, 372 (1954), this Court stated:

". . . . It has been repeatedly held where no objection is taken to the instructions of the trial court, such instructions will not be examined by this Court for the purpose of discovering other than fundamental error. *Green v. State*, 70 Okl.Cr. 228, 105 P.2d 795. . . ."

The question thus is, whether the failure to instruct on Section 152 was fundamental error? We think not. In *Stevenson v. State*, Okl.Cr., 486 P.2d 646 (1971) this Court stated, quoting *Hopkins v. State*, 4 Okl.Cr. 194, 108 P. 420 (1910):

"A defendant cannot be heard to complain of the refusal of this Court to give instructions on insanity, where there is no evidence offered even tending to prove insanity on the part of the defendant." 4 Okl.Cr. 194, 108 P. 420.

In *Stevenson,* a request for instructions was made.

In the present case, the record is devoid of any evidence, other than vague statements of witnesses that defendant, whom they had never seen before, was not acting "normally." Similarly, the record is devoid of evidence that defendant was intoxicated, or that he was unconscious. There being no evidence tending to establish the defenses codefined in 21 O.S.1971, § 152, then a fortiori, it was not fundamental error for the trial court to fail to give, sua sponte, instructions covering said defenses. Not being fundamental error, then it was waived by the failure of the defendant to request the instruction.

For the foregoing reasons the judgment and sentence is AFFIRMED.

BUSSEY, P. J., concurs.