Johnny Joseph JOHNSON, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY,. State of Oklahoma, Honorable Jack R. Parr, District Judge and Honorable Special District Judge William Allen, Respondents.

No. O-79-191.

Court of Criminal Appeals of Oklahoma.

April 25, 1979.

## ORDER DENYING WRIT

On April 6, 1979, the above petitioner filed his application and petition in this Court seeking issuance of the alternative writ of mandamus or prohibition to require the Oklahoma County District Court to order the District Attorney to enter upon the preliminary information the names of all the State's witnesses in Oklahoma County District Court cases CRF–78–4144 and CRF–77–4145, prior to the time the preliminary examination is to be held, or in the alternative to prohibit the holding of a preliminary examination and dismissing the information. The application and petition were set down for hearing in this Court to be had on April 18, 1979, at 1:30 p. m. At that hearing petitioner was represented by Mr. Robert Ravits and Mr. Theodore Haynes of the Oklahoma Public Defender's office and the respondents were represented by Mr. James Laurence of the Oklahoma County District Attorney's office. After hearing argument, this Court assumes jurisdiction.

NOW THEREFORE, after hearing oral argument and after considering the briefs filed, and being fully advised in the premises, this Court finds that it is not required by the Statutes for the prosecutor to list all witnesses on the preliminary information. *Beaird v. Ramey,* Okl.Cr., 456 P.2d 587 (1969), and *Martinez v. State,* Okl.Cr., 496 P.2d 416 (1972), stand for the proposition that the defendant is entitled to cross-examine all witnesses called by the prosecution and to call all witnesses on his own behalf necessary for the defense bearing

upon the question of probable cause. Neither of those decisions provide that the prosecutor must list all witnesses on the preliminary information. We observe also the provision of 22 O.S.1971, § 469, which provides: "It shall *not* be necessary to file an information after the preliminary examination where the complaint or preliminary information satisfies the requirements for an information." The preliminary information is comparable to the "complaint" that was required to be filed prior to the reorganization of the Oklahoma Judicial System in 1969. We therefore conclude that the alternative writ of prohibition or mandamus should not issue.

IT IS SO ORDERED.

WITNESS OUR HANDS, AND THE SEAL OF THIS COURT, this 25th day of April, 1979.

TOM R. CORNISH, P. J.

TOM BRETT, J.

HEZ J. BUSSEY, J.