**Roger Dale STAFFORD, Petitioner,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, et al., Respondents.**

**No. O–79–245.**

Court of Criminal Appeals of Oklahoma.

May 17, 1979.

## ORDER AFFIRMING RESPONDENT'S ORDER ON DISCOVERY

On April 30, 1979, the above petitioner filed his application and petition in this Court seeking issuance of the writ of mandamus to require the trial court to grant petitioner's full request for discovery filed prior to the preliminary examination in Oklahoma County District Court Case No. CRF–79–926.

This Court entered a Rule to Show Cause on April 30, 1979, and set a hearing in this Court to be had on May 7, 1979, at 1:30 p. m. At that hearing petitioner was represented by Gary J. Dean and William Thomas Witt, Pryor, and respondent was represented by James P. Laurence, Asst. Dist. Atty. for Oklahoma County. Briefs have been supplied by both sides and this Court assumes jurisdiction.

In his original motion, petitioner sought to have full discovery granted by respondent summarized as follows:

1. Prior convictions of any prosecution witness expected to be called to testify that involves moral turpitude. Respondent sustained petitioner's request insofar as such records were known to the State, but declined to require further searches for any such records of convictions not known to the State.

2. Any written report prepared by any enforcement agency or any person preparing such reports for the benefit of the prosecution. This request was overruled with certain exceptions otherwise provided for in the order.

3. All matters or information within the possession of the State that might tend to exculpate petitioner, or mitigate punishment in the event of conviction. The request was overruled except for sworn statements in the possession of the State.

4. All information in the possession of the State that might lead to other information tending to exculpate petitioner or mitigate punishment. This request was overruled.

5. An itemized list of all real, evidential material including fingerprints, analysis, analysis reports, clothing or other paraphernalia which the State intends to use in the prosecution of petitioner. This request was overruled except that petitioner was authorized to inspect and view fingerprints and clothing concerned in the prosecution but declined to require the State to furnish petitioner with any technical or laboratory reports or results of analysis, or medical examiner reports.

6. Copies of all photographs taken by any law enforcement person. This request was sustained, but at the expense of petitioner's making any such copies.

7. Information concerning all the victims of the homicide. This request was sustained.

8. That petitioner be granted a continuing order requiring the State to disclose such items that come in the possession of the State to be furnished petitioner within 48 hours from the time ordered to be disclosed. This request was sustained.

The trial court's order was entered on March 23, 1979, from which petitioner sought this original action to enforce the full request of petitioner's motion. On May 7, 1979, a response was filed in behalf of respondent and on May 11, 1979, with permission of this Court, a brief was filed in opposition to petitioner's application for writ of mandamus.

█ NOW THEREFORE, after considering the petition filed herein and the response and brief submitted in opposition to the issuance of the writ, this Court finds that petitioner's motion for full discovery prior to preliminary examination is premature. However, the trial court properly required the State to furnish the conviction record of any witnesses expected to be called to testify at preliminary hearing. In

*Stevenson v. State*, Okl.Cr., 486 P.2d 646 (1971), this Court stated, "The prosecution should have disclosed to defendant the criminal record of any of its witnesses." Insofar as the State is not required to list all its witnesses on the Preliminary Information prior to preliminary examination, in the event petitioner is bound over to stand trial the prosecution must disclose any criminal record of any witness expected to be called at trial. *Johnson v. District Court of Oklahoma County*, 594 P.2d 793 (1979). Likewise, petitioner is not entitled to receive the prosecutor's work product. Petitioner is entitled to receive any sworn statements and at time of trial he is entitled to a copy of any report used by a witness to refresh his recollection in order to testify.

▆▆▆▆ Prior to trial petitioner will be entitled to receive from the State any information that might tend to exculpate him or mitigate his punishment in the event of conviction. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, at preliminary examination such information is not required. Prior to trial petitioner will be entitled to receive any fingerprints used by the State to prosecute petitioner and copies must be provided him for his own expert's comparison prior to trial. In the event petitioner is placed on trial for the murder of TERRI HORST, he will be entitled to receive a copy of the autopsy report prior to trial; and as the respondent ordered, at his own expense he is entitled to receive copies of photographs used in the prosecution. *Brady v. Maryland*, supra.

THEREFORE, after considering the pleadings filed herein and after hearing oral argument of counsel, this Court AFFIRMS the order of respondent herein without prejudice to petitioner seeking further discovery in the event he is bound over to stand trial.

IT IS SO ORDERED.

WITNESS OUR HANDS, AND THE SEAL OF THIS COURT, this 17th day of May, 1979.

TOM R. CORNISH, P. J.
BRETT, J.
HEZ J. BUSSEY, J.