**Derryl Dean BOONE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–219.**

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1982.

Lewis B. Ambler, Bartlesville, Rebecca L. Adams, Sand Springs, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## OPINION

PER CURIAM:

Derryl Dean Boone was convicted October 20, 1978, in Washington County District Court Case No. CRF–77–282, for the offense of Robbery with Firearms, After Former Conviction of a Felony. The jury returned a sentence of twenty-three (23) years' imprisonment under the direction and control of the State Department of Corrections. He has appealed that conviction. This appeal was reviewed again on petition for rehearing. Appellant was represented on appeal by the appointed counsel. (First reported in 52 O.B.J. 2394, October 17, 1981).

The State proved for the satisfaction of the jury that appellant, in concert with Bill Crawford, robbed the Kentucky Fried Chicken Store in Bartlesville, Oklahoma, on December 5, 1976. Bill Crawford drove appellant's car and was instructed to wait in the Bestyet Store parking lot, until appellant returned from the robbery. However, because a police alert was put out for a disturbance in that area, Bill Crawford left the parking lot and ultimately returned to the living area of both men. Appellant was forced to find his own means of transportation home. Some $1,200.00 was taken in the robbery. The money was split-up between the appellant, Bill Crawford and several of their friends. Later, appellant and his friends moved to Osage County. Subsequently the Bartlesville Police obtained a search warrant for the place where appellant and his friends were living. Certain items of evidence were found that connected appellant with the Kentucky Fried Chicken Store robbery. The State offered numerous witnesses. Appellant did not testify and did not offer any defense.

In appellant's first assignment of error, he asserts that the prosecutor acted in bad faith in the manner he presented the prosecution, i.e., he made prejudicial statements during the voir dire of the jury; and, in his opening statement, he stated things that he knew he could not later prove. The main thrust of this argument revolves around the testimony of one, Jesse Ford. Ford had been convicted for the commission of a felony and was serving a twenty year penitentiary sentence. At the time of trial he was located in the Bartlesville jail. When the prosecutor asked the first juror concerning the acceptance of testimony from a fellow inmate, defense counsel objected. The trial court sustained the objection and instructed the prosecutor he could make reference to the witness as being a convicted felon but he was not to intimate that appellant was serving penitentiary time, when appellant's alleged statement was made to the witness. The court considered that the testimony would be bringing in other crimes against appellant.

During the prosecutor's opening statement, he made statements that were perilously close to the violation of the court's instruction concerning evidence of other crimes. Later, when Jesse Ford testified the prosecutor inquired about the statement appellant made to Ford concerning the robbery and permitted the witness to state the time and place the statement was made in such a manner that the jury could have implied that the appellant was incarcerated in the penitentiary when he made the statement. The court recognized the implication and upon the motion of defense counsel struck the entire testimony of Jesse Ford. Appellant asserts the prosecutor intentionally attempted to enter such testimony to secure appellant's conviction.

Appellant entered his objection and also moved for a mistrial. When the prosecutor understood that the court was striking Ford's entire testimony, he moved to join appellant in his motion for mistrial. However, the trial judge denied both motions and continued the trial. Appellant also asserts the court committed error in denying the joint motion for mistrial.

We have considered appellant's assignments of error in this area of concern and conclude that in view of the evidence against appellant that reversible error was not committed. Appellant cites *Hilyard v. State*, 90 Okl.Cr. 435, 214 P.2d 953 (1950), for the proposition that prejudicial statements made in the opening argument, which are not supported by evidence and are made in bad faith, are sufficient to cause reversal. We do not deny the ruling of *Hilyard*, but observe that in that case the conviction was sustained on circumstantial evidence alone. In the instant case considerable direct evidence was offered to connect appellant with the crime, notwithstanding that some of the proffered evidence was denied. Likewise, as in *Ruckman v. State*, 276 P.2d 278 (Okl.Cr.1954), this Court declined to reverse the conviction on the basis of statements made in the prosecutor's opening remarks, because the record of trial also reflected sufficient evidence for conviction. Instead, this Court modified the sentence. The State relies upon *Ragland v. State*, 404 P.2d 84 (Okl.Cr. 1965), which cites *Shacklett v. State*, 23 Okl.Cr. 4, 211 P. 1063 (1923), which holds that ordinarily, error cannot be predicated upon the opening statement of a prosecuting attorney. The opening statement is not evidence, but instead is intended to show what the prosecutor expects to offer to prove his case. At the time the opening statement was made to the jury, the prosecutor believed he would be permitted to use the questionable testimony.

Likewise, it was not error for the trial judge to deny the joint motion for mistrial, when Jesse Ford's testimony was stricken from the record. There is no doubt that the prosecutor desired to show the testimony of Jesse Ford because it revealed the statement appellant made to him concerning the robbery. In the adversary system either attorney may become strongly convinced that his procedure is proper and attempt to introduce evidence that may later become inadmissible. In the instant case the prosecutor appears to have bungled the testimony of Ford, when he permitted Ford to testify relative to the time and place appellant's statement was made to him. Whether or not the jury gained the same implication that the trial judge gained is problematical. Concededly the trial judge is more sophisticated in the law than are the members of the jury. Nonetheless, considering the entire record herein, any error that was committed in the instant case relative to this issue appears at most to be harmless error, considering the vast amount of evidence otherwise presented. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Thompson v. State*, 624 P.2d 82 (Okl.Cr.1981). When the trial judge admonished the jury to disregard Ford's testimony it is generally considered to have cured any error that existed. *Kitchens v. State*, 513 P.2d 1300 (Okl. Cr.1973). In addition, a motion for mistrial is directed to the discretion of the judge. In this instance the judge did not abuse his discretion.

Concerning the perjury appellant asserts to have occurred on behalf of the testimony of Bill Crawford, that question is not properly before this Court. The asserted perjury is not contained in the record now before this Court and any reference to what Bill Crawford might have testified to at a later trial is a matter for another forum. Any challenge concerning his testimony must be presented in a post-conviction procedure in the trial court, in accordance with 22 O.S.1971, § 1080 et seq., where a record can be properly made to reflect what actually transpired. Title 22 O.S.1971, §§ 952 and 953, provide for a motion for new trial on grounds of newly discovered evidence, but that motion must be brought within one year after the imposition of judgment and sentence. See also, Rule

2.1(A) of the Rules of this Court. In the instant case, judgment and sentence was imposed October 10, 1978.

Appellant's contention that the "stocking cap" which had eye holes cut into it, but which the State's evidence clearly showed was not the stocking cap used in the instant robbery, was improperly admitted. Appellant objected to the admission of that evidence at the same time objections were entered to the admission of a photograph of a .38 caliber Rossi Garcia pistol. The court admitted both items of evidence. The stocking cap had no probative value whatsoever and was improperly admitted.

■ Two assignments of error concern the improperly admitted stocking cap. The employees of the store testified that the robber wore such a cap. Two of the State's witnesses testified that the cap was burned after the robbery. At trial another stocking cap was introduced, which the witnesses testified was like the one used in the robbery. Bill Crawford testified that he recognized the cap as belonging to appellant "[t]hrough another armed robbery." Appellant moved for a mistrial and the prosecutor admitted that the comment was error, but urged the court to admonish the jury and deny the motion. The court did so.

Appellant insists that the prosecutor intentionally elicited the testimony from the witness. This error was properly preserved. Nonetheless that statement standing as it does is not sufficient to reverse this conviction. Appellant relies strongly on *Neely v. State*, 60 Okl.Cr. 99, 61 P.2d 741 (1936), for the basis of reversal. However, in *Neely* the court relied on the insufficiency of the evidence coupled with the improper questions asked by the prosecutor. *Wing v. State*, 579 P.2d 196, 197 (Okl.Cr.1978), is distinguishable from the instant situation. In *Wing*, the same prosecutor attempted to reflect that aspirin found with the marijuana was some form of contraband. He continued to question the police officer concerning the pills found and attempted to convey the idea that they were narcotic drugs. He permitted the witness to continue to answer that the pills were in the same

"form" as other narcotic drugs. In the instant case, the witness answered spontaneously. Some question exists whether or not the prosecutor expected the answer he received.

In *Webb v. State*, 586 P.2d 78 (Okl.Cr. 1978), this Court held that after a thorough reading of the transcript and finding sufficient other evidence, that the implication of another crime, obvious only to the defense counsel, is not sufficient to cause a reversal. The court admonished the jury to disregard the statement on defense counsel's motion.

■ As his last assignment of error, appellant relies on *Lovell v. State*, 455 P.2d 735 (Okl.Cr.1969), for a reversal because of accumulation of errors. However, in addition to the errors cited, this Court found that the information in the *Lovell* case was improperly laid in violation of prescribed procedures.

In reviewing the instant case, we find that the evidence offered against the appellant was sufficient to convict him for the crime charged: the testimony of appellant's accomplice, which was sufficiently corroborated; the description given by the employees of the store; the testimony relative to the stocking cap that was burned; the testimony concerning how appellant returned to his home, coupled with the condition of his clothes; and the testimony concerning the division of the money taken from the robbery. All of this testimony considered alongside of the asserted errors committed strongly outweighs any prejudice appellant might have suffered. Admittedly, some of the witnesses were not of the strongest character, but that is for the jury to evaluate. In the instant case, the jury weighed the testimony offered and found the appellant guilty.

■ Lastly, we do not consider the sentence of twenty-three (23) years imposed on appellant to be excessive. If the jury was prejudiced to the extent asserted by counsel, we believe the sentence would have been greater.

THEREFORE, after considering the record of trial before this Court, we are of the

opinion that the judgment and sentence imposed herein should be AFFIRMED.