**Karen L. REED, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–790.**

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1983.

Rehearing Denied March 1, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Jimmy D. Givens, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Karen L. Reed was convicted in the District Court of Oklahoma County, Case No. CRF–80–361, of eight counts of Robbery With Firearms, pursuant to 21 O.S.1981, § 801, and was sentenced to a total of 471 years' imprisonment, the eight sentences to run consecutively. On appeal she asserts three errors: first, nondisclosure of a co-defendant's plea bargain; second, excessive sentence; and third, the unconstitutionality of a one-stage trial.

On January 18, 1980, approximately six people robbed eight employees of the Dale Distributing Company, who were preparing to leave for the day. After discovering that most of the day's receipts had been deposited with a Brink's truck, the assailants robbed the employees of billfolds, purses and jewelry. During the course of the robbery, one of the victims was hit by a blunt instrument, and at least one shot was fired. Several victims were physically or verbally abused, and there was the repeated threat that the victims would be killed if they did not cooperate.

Initially, the appellant asserts that the nondisclosure of a plea bargain between the State and one of her co-defendants in exchange for his testimony was inherently unfair and violated her right to a fair trial and rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. The appellant bases her claim of an alleged plea bargain on two sworn affidavits attached to the end of her brief, one by a cell mate of the co-defendant, the other by another participant in the robbery. Both affiants claim the testimony of the co-defendant, Ronnie Knox, came after he made a deal with the district attorney.

Knox pled guilty to his role in the robbery and received a pre-sentence recommendation of ninety-nine (99) years. The affidavits state that the deal Knox made

with the State included promises he would testify against Reed and not disclose this agreement in return for a nine (9) year sentence. Knox testified at trial that he had not made a deal, and subsequently he received a nine-year sentence.

The appellant's argument on the merits of the issue are persuasive. Without the testimony of Knox, the State had only the testimony of one witness, who, despite the robber's ski mask, testified that she could identify the robber by her eyes, mouth, teeth and voice.

In *Giglio v. U.S.*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the defendant was convicted of passing forged money orders. While an appeal was pending, defense counsel discovered that the government had failed to disclose an alleged promise made to its key witness that he would not be prosecuted if he testified for the government. The defense filed a motion for new trial on newly discovered evidence, which included the affidavit of a U.S. attorney confirming the petitioner's claim that the key witness had been promised immunity in exchange for his testimony.

■ The deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the "rudimentary demands of justice." *Mooney v. Holohan*, 294 U.S. 103, 112; 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935). When the reliability of a witness may be determinative of the guilt or innocence of the defendant, nondisclosure of evidence affecting his credibility falls within this general rule. A new trial is required if the false testimony could have affected the judgment of the jury. *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). In *Giglio*, the government's case depended almost entirely upon its key witness in question. Therefore, his credibility was at issue and the jury was entitled to know whether there was an agreement or understanding regarding a future prosecution linked to his testimony.

In the case at bar, co-defendant Knox adamantly maintained that no agreement had been made between him and the State. Without his testimony, the State's case consisted of an identification of the appellant based upon her mouth, teeth, voice and eyes. Knox's testimony was vital and, therefore, his credibility was a crucial issue.

■ However, the record does not sustain this allegation. Only the affidavits, which have never been submitted to the trial court, support the claim of the co-defendant's immunity. In the present case, judgment and sentence was handed down in June of 1980. Of the two sworn affidavits, the first was obtained January 21, 1981, and the second in August, 1981.

To seek relief, on the basis of the first affidavit, the appellant should have filed a motion for a new trial based on newly discovered evidence pursuant to 22 O.S.1981, § 953, and Rule 2.1 of the Rules of this Court, 22 O.S.1981, Ch. 18, App., Rule 2.1. Thus, under Section 953, the appellant had until March 21, 1981, to seek a new trial based on the newly discovered evidence attested to in the first sworn affidavit. Had she filed a motion for new trial on newly discovered evidence, and had there been a factual determination of the validity of that motion, this issue could be addressed on appeal. However, there is no factual determination upon which to base an appeal.

Relief on the basis of the second affidavit, of August 7, 1981, must first be raised at the trial court level under a request for post-conviction relief. See 22 O.S.1981, § 1080, et seq., and *Boone v. State*, 640 P.2d 1377 (Okl.Cr.1982). The appellant is precluded from raising this issue until it, too, has been resolved in the district court.

■ Next, the appellant claims that the trial court abused its discretion in giving her a sentence which is excessive and unfair when compared with the ones the other participants received. Specifically, she argues that her eight sentences were imposed to run consecutively and not concurrently like those of her co-defendants.

The appellant cites *Manns v. State*, 513 P.2d 882 (Okl.Cr.1973) and *Morrow v. State*, 513 P.2d 880 (Okl.Cr.1973), where this Court modified sentences in which the following circumstances existed: the appellants were young and committed the robberies in the same evening; both appellants pled guilty and cited as motivation their financial problems. While one of the appellants had no prior record, the other had a traffic offense and a trespassing conviction. This Court emphasized that it did not condone crime to assist in paying debts, and it held that the consecutive sentences were excessive and modified the terms to run concurrently. In the present case, the appellant, who had no prior record, was 27 years old and recently divorced.

However, significant differences distinguish the case at bar. While the opinions in *Manns* and *Morrow* do not reflect the actual violence used, the facts before us may merit such punishment. Reed was the most violent of the robbers. Victims testified that the female robber repeatedly threatened to kill all of them if they failed to cooperate; that she pointed her gun at them while threatening to kill them; that she forced two of the victims to strip and crawl on their hands and knees while she kicked and verbally abused them; and that she ripped the blouse from one of the victims while demanding her jewelry and personal belongings. The evidence indicates that the victims had a very real fear of being killed by their assailants if they did not cooperate.

In view of the facts of this case, the sentences will not be modified on appeal.

Finally, the appellant argues that the trial court erred in permitting the jury to determine guilt or innocence and to set the sentence, absent meaningful standards, in a single-stage proceeding. This allows the jury undue discretion, according to the appellant.

First it is asserted that 21 O.S.1981, § 801, is "unconstitutional on its face and as applied in that it gives juries wide discretion in sentencing without providing meaningful standards to guide that discretion." The trial court instructed the jury in accordance with the statutory provisions, which provide for a sentence from five years to life imprisonment as punishment for robbery with a firearm.

■ The cases cited requiring the establishment of standards for punishment are capital cases, in which the jury was required to choose between a sentence of death and life imprisonment. See *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); and *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). This rule is inapplicable to the case now before this Court, and it will not be extended to non-capital cases.

Secondly, the appellant urges this Court to hold the single stage trial in which she was convicted an unconstitutional violation of her due process rights. She suggests that the bifurcated system would guard the interests of both the State and the defendant. She draws upon her previous arguments and requests that such a system be

created. However, her cited authority is inapplicable, and this Court is unpersuaded of its validity. See *Sandefur v. State,* 461 P.2d 954 (Okl.Cr.1969).

■ The appellant urges this Court to adopt the system used in the State of Texas, where bifurcated trials are required for all felonies. See Vernon's Ann.C.C.P. art. 37.07 (Tex.1973). And, the federal constitutional authority relied upon expressly applies to cases involving a choice between sentences of death or life imprisonment. See *Furman v. Georgia,* and *Gregg v. Georgia,* supra. This State requires bifurcated trials only in capital cases and cases in which defendants are prosecuted for subsequent offenses. See 21 O.S.1981, § 701.10, and 22 O.S.1981, § 860. Nor are bifurcated trials required by the Constitution of this State. Okla. Const. Art. 2, § 20. Furthermore, it is clearly not within the power of this Court to create a new system. That must be done by the legislature.

In accordance with this opinion, the judgments and sentences are affirmed.

BUSSEY, P.J., and CORNISH, J., concur.

### ORDER DENYING PETITION FOR REHEARING

The appellant was convicted of eight counts of Robbery With Firearms, Case No. CFR–80–361, in the District Court of Oklahoma, and sentenced to consecutive sentences totaling 471 years' imprisonment. Her conviction was affirmed on appeal by published opinion. *Reed v. State,* 657 P.2d 662 (Okl.Cr. 1983). On rehearing, filed February 17, 1983, the appellant raises two questions; first, ineffective appellate counsel; and second, a denial of due process and equal protection in this Court's refusal to order the eight sentences to be served concurrently.

On direct appeal, the appellant claimed that nondisclosure of a plea bargain between the State and one of her co-defendants in exchange for his testimony was unconstitutional. She attached affidavits to her brief in support of this argument and cited *Giglio v. U.S.,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); and *Mooney v. Holohan,* 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). This Court found that the affidavits were not sufficient to support the allegation and that there should have been a hearing, at the trial court level, to resolve the issue before raising it on appeal. However, at the time of appeal, the time for

said hearing, which would have been based on a motion for new trial on newly discovered evidence, had run. Therefore, had appellate counsel requested one it would have been denied. Furthermore, the fact that the appellate counsel did not raise this issue in a motion for new trial on newly discovered evidence dose not constitute ineffective assistance for counsel under the test of "reasonable competence," as established in *Johnson* v. *State*, 620 P.2d 1311 (Okl.Cr. 1981). That standard is applicable to counsel on appeal as well as trial counsel.

In her second proposition raised on petition for rehearing, the appellant alleges that this Court denied her equal protection and due process by refusing to order that the sentences be reimposed to run concurrently. In the published opinion of this case, 657 P.2d 662 (Okl.Cr.1983), this Court set forth the distinctive violence which sets this case apart from the cases cited.