**Jim HOUSLEY and John C. Stevens, Appellants,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–88–927.**

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1989.

Kathleen Flanagan, Walters, for appellants.

Robert H. Henry, Atty. Gen. of Oklahoma, Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LANE, Vice Presiding Judge:

Jim Housley and John C. Stephens were tried together for the crime of Concealing Stolen Property (21 O.S.1981, § 1713) in the district court of Tillman County. Both were convicted after a trial by jury and were sentenced to terms of four (4) years in the custody of the Oklahoma Department of Corrections. Appellants have

brought the instant appeal alleging, among other things, that they were deprived of their right to a fair trial when the prosecution failed to provide them with the criminal records of the witnesses against them. We agree with this proposition and remand the case for a new trial.

Appellants were charged with having possession of a stolen Caterpillar truck engine. At trial, several witnesses testified about how Appellants obtained the engine and what they did after receiving it. The three primary witness against the two defendants all had previous felony convictions. The witnesses involved were Calvin Nunley, who had been convicted of at least three felonies, Richard Lamb and Earl Wayne Melton, who had each been convicted of one previous felony.

Despite the State's agreement to provide criminal histories for any witness with felony convictions, the State revealed only that one witness, Calvin Nunley, had a conviction. That conviction had resulted after charges were filed in the present case.

 The law is well settled that a criminal defendant is entitled to be provided with information concerning the criminal records of the witnesses against them. *Stafford v. State*, 595 P.2d 797 (Okl.Cr. 1979); *Stevenson v. State*, 486 P.2d 646 (Okl.Cr.1971), *cert. denied* 404 U.S. 1040, 92 S.Ct. 724, 30 L.Ed.2d 733 (1972). In this case, the testimony linking Appellants to the stolen engine was developed primarily through the testimony of the three witnesses identified above. Specially, the testimony of Calvin Nunley, critical to the State's case against both defendants, was the only testimony linking Stevens to the crime at hand. Consequently, the credibility of this witness, as well as the other two, was very important to the defense mounted by Appellants.

 "When the reliability of a witness may be determinative of the guilt or innocence of the defendant, nondisclosure of evidence affecting his credibility" requires a new trial. *Reed v. State*, 657 P.2d 662, 664 (Okl.Cr.1983) *cert. denied* 464 U.S. 933, 104 S.Ct. 337, 78 L.Ed.2d 307. In the present case, we are faced with a situation

wherein the State wholly failed to comply with their duty to provide important information to criminal defendants. This failure was not minor, it involved a majority of the State's case. Without the testimony of these witnesses, it is very likely that both Appellants would have been acquitted. We cannot find that this was a harmless error. Accordingly, Appellants' convictions are REVERSED and the case is hereby REMANDED for a new trial.

PARKS, P.J., and BRETT, J., concur.

JOHNSON, J., concurs in result.

LUMPKIN, J., dissents.

JOHNSON, Judge, concurring in result:

I am aware of the holding in *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). What *Bagley* has written modifies the previous writs of the Supreme Court holding in the *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Basically, by putting a new proviso on *Brady* that failure to disclose requested impeachment evidence or convictions would not be constitutional error unless there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.

In this case it appears that the one witness, Calvin Nunley, who was the only party linking Stevens to the crime, had at least four felony convictions. It further appears that at the time of trial only one of the felony convictions was admitted. Had the jury known of three other convictions, it would appear that the conclusion as to guilt or innocence may well have been different. Therefore, I concur in the result but do wish to point out the *Bagley* decision separate.

LUMPKIN, Judge, dissenting:

I must respectfully dissent to the Court's decision to reverse the convictions in this case and remand for a new trial when the

record is not sufficient to support the allegations of the Appellant at this time.

The Court finds the convictions must be reversed due to the failure of the State to provide impeachment evidence in the form of prior convictions of witnesses who testified for the State. However, the record in this case is insufficient to sustain the allegations of the Appellants that the State failed to disclose known prior convictions of the witnesses. In compliance with the trial court's granting of the Appellant's Motion to Compel the State disclosed that Calvin Nunley had been convicted of cattle rustling in Tillman County. The record does not reveal if the trial court required the State to complete a records check on a statewide or nationwide basis, or merely disclose prior convictions *actually known* by the assistant district attorney handling the case. The single reference to the motion indicated that it was granted by agreement of the parties. The record is also void on what actions the assistant district attorney actually took to discover if the witnesses did have prior convictions. The Appellants have produced copies of judgments and sentences from Stephens County and Kiowa County naming Calvin Nunley as the defendant; Harris County, Texas, naming Richard Lamb as defendant; and Prowers County, Colorado, naming Earl Wayne Melton as defendant. However, the record does not reveal how these documents were discovered.

These unanswered questions deprive the Court of the evidentiary basis it needs to decide the issues presented. Rather than deciding the case on assumptions which are drawn from the allegations made by the Appellants, but which are not addressed in the evidentiary portion of the record presented on appeal, I would remand the case to the District Court of Tillman County with directions for the District Court to conduct an evidentiary hearing. The trial court could then receive evidence and enter an order setting forth findings of fact and conclusions of law which would determine what actions the State was required to take to discover and disclose prior convictions of witnesses who were listed to testify for the State, conclude whether the State complied

with the trial court's previous order, determine whether the agreement of the parties limited the State's duty to take affirmative action to discover prior convictions outside Tillman County and establish how the prior convictions were ultimately discovered. Without these findings of fact and conclusions of law this Court cannot determine if the State did or did not comply with the duty to disclose as defined by the trial court when the Motion to Compel was granted.

The facts of this case present an issue not previously addressed by the Courts. That issue is whether a prosecutor has a duty to "search" for exculpatory evidence for the defendant. The United States Supreme Court has addressed the duty of a prosecutor to disclose known exculpatory evidence to a defendant, regardless of the type of request or if no request made, in *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). However, these cases do not place a requirement on a prosecutor to seek out and disclose unknown exculpatory evidence. To fully address the issues presented in this case the trial court must be directed to conduct an evidentiary hearing to provide a complete factual basis upon which this Court will be able to render a decision.

For the reasons set forth above, I must dissent to the Court's decision at this time.