**Tommy Dale GLASS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–562.**

Court of Criminal Appeals of Oklahoma.

June 6, 1985.

Mark Barrett, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Tommy Dale Glass, was convicted in the District Court of Comanche County, Case No. CRF–82–318, of two counts of First Degree Rape, two counts of violating the Crime Against Nature, two counts of Robbery With a Dangerous Weapon, and one count of Assault With Intent to Rape. The jury returned verdicts on punishment totaling one-hundred-nine (109) years imprisonment. We affirm.

I.

Appellant alleges in his first assignment of error that in one charging instrument the Information herein fatally misjoined seven separately punishable offenses involving three distinct incidents of criminal activity. He claims the trial court erred in denying his motion for a severance. We do not agree.

The Information reflects appellant was charged in counts one and two with Rape in the First Degree and Crime Against Nature directed against M.S. on May 11, 1982; that counts three and four involve the crimes of Rape in the First Degree and Robbery with a Dangerous Weapon perpetrated on May 14, 1982 against C.J.; and counts five, six and seven encompass charges of Robbery with a Dangerous Weapon, Assault with Intent to Rape, and Crime Against Nature in a May 14, 1982 incident against C.M.

Prior to 1968, joinder of offenses was governed by 22 O.S.1961, § 404, which made it impossible to join in one information two or more separately punishable offenses, such as filed here. Joinder of offenses was permitted only if "proof [was] uncertain as to which of two or more offenses the accused [might] be guilty of," but in no event was a defendant to be convicted of more than one offense. Two or more informations or indictments could be consolidated for trial only if the consolidation was consented to, and would not

prejudice the defendant. *See Kramer v. State*, 97 Okl.Cr. 36, 257 P.2d 521 (1953).

In 1968, the Legislature passed 22 O.S. 1981, §§ 436 *et seq*, which, according to the title of the act, was intended to allow joinder for trial of two or more separate offenses. However, the statute itself did not deal explicitly with joinder of offenses, and it was assumed section 404 still governed this issue. *See* Note, *Criminal Procedure: Joinder of Offenses in Oklahoma—A Catch in Title 22*, 27 Okla.L.Rev. 499 (1974).

This ambiguity was resolved in 1977 with Judge Brett's landmark special concurrance in *Dodson v. State*, 562 P.2d 916, 923 (Okl.Cr.1977) (Brett, J.: Specially Concurring).[1] In a scholarly analysis of section 436 *et seq*, Judge Brett determined that joinder of offenses is permissible under this act, and that section 404 had therefore been repealed. *See also Hill v. State*, 589 P.2d 1073 (Okl.Cr.1979) (Bussey, J., Specially Concurring).

Appellant, while conceding joinder of offenses is now permissible under Oklahoma law, argues the joinder herein was unlawful because the alleged offenses occurred during three separate criminal transactions. He argues that joinder of separate offenses is allowed only for those crimes arising out of the same criminal transaction.

■ Under section 436, joinder of defendants in one information *is permitted only* "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." It therefore follows, under the analysis employed by Judge Brett in *Dodson*, that this same standard applies to joinder of offenses as well. Thus, joinder of separately punishable offenses is permitted if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions. *Accord Johnson*

v. State, 650 P.2d 875, 876 (Okl.Cr.1982) (dicta).

■ Turning to the facts of this case, it is clear that all of the charged offenses did not arise out of a single transaction; however, they did occur in a series of transactions. We have never had occasion to interpret the phrase "series of criminal acts or transactions" in this context. In so construing the statute, we are obligated to employ the common and ordinary meaning of the statutory term. *See State ex. rel. Cartwright v. Georgia-Pacific*, 663 P.2d 718, 722 (Okl.Cr.1983). The *American College Dictionary* defines "series" as "a number of things, events, etc., ranged or occurring in *spatial, temporal,* or *other succession;* a *sequence."* *Id.* at 1106 [Emphasis added]. Accordingly, joinder of offenses is proper where the counts so joined refer to the same type of offenses occurring over a relatively short period of time, in approximately the same location, and proof as to each transaction overlaps so as to evidence a common scheme or plan. *Accord United States v. Shearer*, 606 F.2d 819, 820 (8th Cir.1979) (construing Rule 8(a), *Fed. Rules of Crim. Proc.*). Mere similarity of offenses does not provide an adequate basis for joinder under our statute. *Accord Drew v. United States*, 331 F.2d 85 (D.C.Cir.1964).

■ We agree with the State that the Information was proper, and the trial court was within its lawful authority in denying appellant's motion to sever. Each criminal transaction commenced just blocks from the others on Cashe Street in Lawton, Oklahoma. The offenses occurred over a relatively short period of time—less than three days between the first and second transaction, and only two hours between the second and third incidents. In each case, appellant demanded oral and vaginal sex from his victim, and either forced or attempted to force the victim to give up jewelry and valuable personal possessions. All of the victims were accosted by the

---

**1.** An excellent discussion of Judge Brett's opinion in *Dodson v. State* is found in Note, *Criminal Procedure: The Same Offense Revisited: Dodson v. State*, 33 Okla.L.Rev. 139, 145–48 (1980).

appellant late at night, and, in the second and third incidents, the appellant used the same weapon in accomplishing his crimes. We hold that the separately punishable offenses alleged in the Information were properly joined.

## II.

■ Appellant's second and third assignments of error raise allegations relating to the instructions issued by the trial court. In each case, however, the appellant offered no objection to the instructions. This assignment of error is waived. *Smith v. State*, 568 P.2d 639 (Okl.Cr.1977).

## III.

■ In his third assignment of error, appellant alleges the prosecutor engaged in misconduct during his examination of a rebuttal witness. Appellant had attempted to show that he was at a friend's house watching "The Legend of the Lone Ranger" on cable television at the time one or more of the offenses occurred. Comanche County District Attorney Dick Tannery called as a rebuttal witness Cablevision manager William Drewery. The following exchange took place:

Q  Have you checked to see whether or not "Legend of the Lone Ranger" was on HBO between the dates of May 11th and May 14th, 1982?

A  I spoke to a representative of HBO in Kansas City and she informed me that—

MR. HACKLER: We object to that, Your Honor, testimony as hearsay.

THE COURT: The objection will be sustained. Do you have any—

MR. TANNERY: Okay. That's all I have, Your Honor.

We have recently stated that prosecution attempts to elicit improper hearsay testimony constitute prosecutorial misconduct even when the defense fails to object. *Collis v. State*, 685 P.2d 975, 978 (Okl.Cr.1984). However, unlike *Collis*, the witness did not respond with hearsay testimony prejudicing the appellant. While the prosecutor's

conduct was inappropriate, we cannot say error occurred.

## IV.

■ Appellant also argues that insufficient evidence was presented in the preliminary hearing, and that the bind-over order on counts three and four were unjustified. Appellant claims that the victim, C.J., was unable to identify him at preliminary hearing, and therefore insufficient evidence existed to support the magistrate's decision on these two counts. He cites *Batie v. State*, 545 P.2d 797 (Okl.Cr.1976) in support of this argument.

We have examined the record of the preliminary hearing as it relates to this issue and determine that application of *Batie v. State* to these facts is inapposite. In *Batie v. State*, a defendant was bound over for trial after the victim could not identify him, and the only supporting evidence was an improperly admitted confession. *Id.* at 801–803. While it is true in this case that the victim failed to make an identification, other evidence at preliminary hearing linked appellant to this crime. M.S. was raped by a man whom she identified as the appellant on May 11, 1982, three days before C.J. was assaulted. M.S. testified that appellant wore a jacket during the attack, as did C.J., and both identified this same jacket at the preliminary hearing. C.M. was accosted one hour after C.J.'s assault. She testified that appellant whom she identified as her attacker, threatened her with a pair of orange handled scissors. C.J. also testified she was attacked by a man wielding orange handled scissors. All of these victims were attacked at night in virtually the same area of Lawton. As noted *supra* at page 3, these counts were properly joined, and this evidence was properly admitted. We have held the State may use circumstantial evidence to satisfy its burden of showing an offense has been committed, and that there is probable cause to believe the accused committed it. *See State v. Weese*, 625 P.2d 118 (Okl.Cr.1981). Even without a positive identification by C.J., the circumstantial evidence was suffi-

cient to support the magistrate's bind-over order. This assignment of error is without merit.

## V.

■ Next, appellant claims the convictions for the Crime Against Nature cannot stand. He argues the statute prohibiting such acts, 21 O.S.1981, § 886, is unconstitutionally vague and overbroad. It is sufficient to note that appellant raises arguments previously rejected by the members of this Court. *Carson v. State*, 529 P.2d 499 (Okl.Cr.1974). *See also Golden v. State*, 695 P.2d 6 (Okl.Cr.1985).

## VI.

In his final assignment of error, appellant claims the district attorney engaged in prosecutorial misconduct during closing argument and this conviction must be reversed, or alternatively, the punishment must be modified. We cannot agree.

■ We note from the outset that none of the alleged improper comments were met with a contemporaneous objection, and "since we are unable to conclude 'that their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings'," we will not reverse. *Freeman v. State*, 681 P.2d 84, 85 (Okl.Cr.1984). Furthermore, we have examined these alleged improprieties to determine whether the sentences were excessive, and we are unable to say that the sentences imposed were the result of prejudice. Furthermore, appellant is reminded that the decision to run sentences concurrently or consecutively rests within the sound discretion of the trial court. *Lloyd v. State*, 654 P.2d 645, 647 (Okl.Cr.1982). We cannot say the trial court abused its discretion in ordering these sentences to be served consecutively.

Accordingly, the judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge, specially concurring:

Finding no error that would justify modification or reversal, I agree that the judgment and sentence should be AFFIRMED.