Timothy Joel TINNEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–727.

Court of Criminal Appeals of Oklahoma.

Dec. 19, 1985.

Rehearing Denied Jan. 30, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Timothy Joel Tinney, the appellant herein, was convicted of Grand Larceny, After Former Conviction of Two or More Felonies, in violation of 21 O.S. 1981, §§ 51, 1701, in Case No. CRF–83–7, in the District Court of Pottawatomie County. The jury returned a verdict of guilty and set punishment at thirty-one and one-half years' imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict.

Approximately 8:30 p.m., January 8, 1983, an emergency exit door was opened sounding an alarm in the warehouse of Cook's Department Store in Shawnee, Oklahoma. As the store manager went to the door to turn off the alarm, he heard boxes shuffling and a car running outside the warehouse door. He summoned help from a stock boy to go with him to the loading dock area in back of the store. When the two reached the back of the store, they saw the defendant trying to close the trunk lid of his car, which was parked ten to fifteen feet from the store's loading dock. The appellant was having difficulty in shutting the trunk because of a large red and brown box. The box had the word "Samsung" written on it, which is a brand of television sold by Cook's.

The manager asked the defendant if he had a receipt, and the man answered "yes", as he continued to shut the trunk lid. However, once the lid shut, he got in the car and said, "forget it", when asked again for a receipt. The defendant drove off in a brown, mid-sized Ford.

Moments later, a brown, mid-sized Ford sped past J.P. Duvall who was standing in the parking lot of Wal-Mart which is approximately five blocks from Cook's. The car was traveling with its lights off when it stopped behind a flower shop next to Wal-Mart. The appellant got out of his car, took a large box out of the trunk, placed it next to the flower shop and left in the same direction he had come. Mr. Duvall wrote the tag number down and followed the car.

The appellant went back to Cook's and offered to show the manager the trunk of his car. However, Mr. Duvall drove up at this time and told the police what he had seen.

The appellant's first assignment of error alleges the prosecutor made improper comment on the defendant's failure to testify. The prosecutor here referred to the State's evidence as "uncontroverted" during closing argument. This Court has held that where a defendant fails to offer any evidence, the prosecutor is not prevented from discussing the evidence against him and to state that such evidence is uncontroverted. *Hays v. State*, 617 P.2d 223 (Okl. Cr.1980); *Banks v. State*, 544 P.2d 1268

(Okl.Cr.1976). After carefully reviewing the comments in question, the statements were not directly calling attention to the appellant's failure to testify. Also, none of these comments were met with objection. Therefore this assignment is without merit.

Next the appellant asserts that several of the State's witnesses usurped the jury function by referring to the incident as a "theft". In the first instance the defense objection was overruled, the second sustained, and thirdly it was sustained with an admonishment to the jury. Normally, such an admonition cures any error unless after considering the evidence, the testimony appears to have determined the verdict. *Hager v. State*, 665 P.2d 319 (Okl. Cr.1983); *Willis v. State*, 650 P.2d 873 (Okl.Cr.1982). We find that, in light of the overwhelming evidence of guilt in this case, the three instances of testimony complained of did not determine the verdict. None of the statements complained of appear to have been intentionally jabbed, and were in direct response to a question asked by the prosecutor. Any error created by the testimony was harmless.

Appellant next complains that a State's witness intentionally related other crimes or bad acts of the appellant to prejudice him before the jury. However, none of this testimony was met with objection; therefore any alleged error has been waived. *Smith v. State,* 594 P.2d 784 (Okl. Cr.1979). Even so, this Court has repeatedly held that offenses other than the one charged are admissible as evidence of the defendant's guilt when they are part of the res gestae of the offense charged. *Dixon v. State,* 560 P.2d 204 (Okl.Cr.1977); *Metoyer v. State,* 538 P.2d 1066 (Okl.Cr. 1975).

Appellant's second assignment of error alleges he was prejudiced by the prosecutor giving his personal opinion of guilt and speculating on facts not in evidence. However, none of these comments were met with objection, and are therefore waived. *Luker v. State,* 552 P.2d 715 (Okl. Cr.1976).

The appellant next asserts that he was prejudiced by being charged under a general larceny statute when there is a special statute on Larceny of Merchandise from a Retailer because the former unfairly labeled him a "thief". The defendant has the duty to file a motion to quash the information where there is a non-jurisdictional defect, and failure to do so waives any alleged error. *Nealy v. State,* 636 P.2d 378 (Okl.Cr.1981).

Appellant's fourth assignment of error alleged that a proper foundation was not laid for the admission of a "log sheet" under the business records exception to the hearsay rule. The log sheet purported to show when a television set was received by the department store and when it was subsequently sold. The store manager testified as to what the log sheet meant and represented. The appellant argues that the manager's testimony was untrustworthy because he could not testify when the sheet was prepared or did not know with certainty whose writing was on the sheet, and because of a possible time lag between the time a television set was sold and the actual posting of it on the log sheet. The witness testifying to a business record's trustworthiness need not personally compile the document's information nor be the document's normal custodian. He must be able to testify to what the record means and represents. *Maytubby v. State,* 665 P.2d 849 (Okl.Cr.1983). Even so, in the present case there was independent evidence proving the defendant's guilt to make the log sheet cumulative evidence. *Lewis v. State,* 586 P.2d 81 (Okl.Cr.1978).

Next, appellant claims that the punishment was excessive due to prejudicial evidence and comments which inflamed the jury. After a thorough examination of the record, we conclude that the sentence imposed is not "so excessive as to shock the conscience of the Court," *Dodson v. State,* 562 P.2d 916 (Okl.Cr.1977). We therefore decline to modify the sentence imposed.

**68**

Appellant's final assignment of error is a claim there was an accumulation of errors that prevented him from having a fair trial. The record and transcript have been examined as well as the complained of errors. *Woods v. State*, 674 P.2d 1150 (Okl.Cr. 1984). This error is without merit. The judgment and sentence is therefore AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.