William Tyson HORTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–696.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1986.

Kenneth C. Watson, Dochele Burnett, Carpenter and Watson, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, William Tyson Horton, was tried by jury for the crimes of Assault and Battery with a Dangerous Weapon and Oral Sodomy, both After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–83–90. A verdict of guilty was returned on both counts and punishment was set at thirty (30) years' on each count, to be served consecutively.

On December 29, 1982, F.W.E. had been working as a prostitute for approximately one month when she solicited appellant to engage in an act of prostitution around 8th and Walker in Oklahoma City. F.W.E. voluntarily entered appellant's automobile, and the pair drove to an area at the insistence of the appellant, so that "no one would see them". Appellant attempted to force F.W.E. to perform oral sodomy. F.W.E. told appellant she did not want to engage in this act so appellant pulled out a knife and forced her to perform sodomy. When F.W.E. kept resisting, appellant told her to put her right hand behind her back, whereupon appellant handcuffed F.W.E.'s wrists. Appellant then attempted to put a rag, which had been soaked with some unknown substance, over F.W.E.'s nose and mouth. As she was resisting his attempt, appellant cut F.W.E.'s neck with the knife.

F.W.E. was able to escape from the car and ran to a nearby business for help. The owner of the business and one of his employees testified F.W.E. was bleeding about the throat and also that she was handcuffed. The men broke the chain on the cuffs and drove her back to 8th and Walker at her request.

The victim's roommate, R.C., who was also a prostitute working in that area, took F.W.E. to St. Anthony Hospital. A nurse removed the handcuffs and later gave the broken handcuffs to the police.

After being advised of his *Miranda* rights and after signing a waiver of those rights, appellant admitted to interludes in the area where F.W.E. and R.C. worked. Appellant also admitted that he had had trouble with an Indian girl around December 29th over the price of services rendered. He indicated they got into a scuffle, she grabbed for his hunting knife, which he kept in his car, and she cut her hand. Appellant admitted carrying a wash cloth in his car for the prostitutes to use to clean-up after the sexual act.

Appellant, while en route to the booking room, indicated that he needed to use the restroom. The two detectives escorted appellant to a restroom and observed appellant from outside the stall. Appellant had only had a pat down search at this time. The detectives observed appellant drop his trousers and appear to sit on the stool a few minutes when they heard a "clink" sound on the porcelain and swishes of the toilet as though an attempt to flush it. The detectives approached the appellant and saw a key at the bottom of the toilet. One of the detectives recovered the key from the toilet and, at trial, demonstrated that it operated the handcuffs retrieved from F.W.E.

■ In his first assignment of error, appellant claims the trial court erred in admitting evidence of other crimes. Evidence of other crimes is inadmissible at trial unless such evidence falls within one of the exceptions enumerated in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

■ At trial, R.C. testified to a similar incident with the appellant on November 3, 1982. Those similarities related by R.C. were: appellant encountered her at the identical location as F.W.E. while she was working as a prostitute; appellant pulled a hunting knife on her after she entered the automobile; appellant took R.C. to the same location and appellant forced her to perform oral sodomy. R.C. was able to

obtain a tag number from the car a few days later and reported the incident at that time. We find this evidence was properly admitted satisfying the identity exception.

■ The appellant next alleges that he was denied effective assistance of counsel because of counsel's inability to interview the witness, R.C.

Appellant was provided the opportunity to interview R.C., although she refused to talk to his attorney. As this Court recognized in *Bowman v. State*, 585 P.2d 1373 (Okl.Cr.1978), one cannot be compelled by the court to respond to defense counsel. Additionally, appellant was afforded the opportunity to hear R.C.'s *Burks* testimony and to cross-examine her in an in camera hearing held prior to commencement of the trial. Furthermore the State also had had difficulty in communicating with her prior to trial and had issued a warrant for her arrest.

■ For his third assignment of error, appellant alleges the trial court committed error by failing to direct a verdict of acquittal on the sodomy charge because F.W.E. was a willing accomplice. It must first be noted no instruction was given on this issue, nor did appellant request any such instruction.

In determining whether a sodomy victim is an accomplice, it must be ascertained whether the witness could be indicted for the offense for which the accused is being tried. *See Yates v. State*, 620 P.2d 413 (Okl.Cr.1980). When the facts as to whether or not the witness is or is not an accomplice are reasonably susceptible of either interpretation, the issue is for the jury to decide upon proper instruction. *McCormick v. State*, 464 P.2d 942 (Okl.Cr.1969). The facts of this case, revealed that, although F.W.E. might have wilfully been predisposed to engage in the act of sodomy, she did in fact resist at knife point. The jury determined that F.W.E. was not a willing accomplice.

■ The appellant next claims that his arrest and subsequent confession was illegal and without probable cause. A peace officer may conduct a warrantless arrest upon commission of a felony where there is a proper showing of reasonable cause to believe the arrestee to have committed it. 22 O.S.1981, § 196(3). Detective Pittman knew at the time he arrested the appellant the general description of the suspect; the suspect's vehicle as well as tag number; and the place of residence and business of the registered owner of that vehicle. The appellant admitted the vehicle was his and the appellant refused to give the detective any information on the vehicle's location. Appellant's arrest was valid, therefore his subsequent confession was not the fruit of an illegal arrest. The appellant's rights under *Miranda* were not violated and the confession was properly admitted into evidence. *Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983).

■ Next, the appellant challenges the in-court identification of appellant by F.W.E. and R.C. as being tainted by the previous photographic identification. Both F.W.E. and R.C. were present in the same room although separated when they picked out the appellant from the photographic lineup. The evidence showed that only after the two victims had made an independent identification of the appellant did they confer and confirm that they had both picked out the same individual.

Each woman's in-court identification was properly admitted where: each woman had ample opportunity to observe appellant during the alleged criminal act; each woman had accurately identified appellant in the photographic lineup; each woman was certain of the identification and the time span between the crime and the lineup was not excessive. *See Porter v. State*, 666 P.2d 784 (Okl.Cr.1983).

Next, the appellant alleges his right to a fair trial was prejudiced by improper prosecutorial comments made during closing argument. We have examined the comments complained of and find that all were permissible comments on the evidence and reasonable deductions therefrom. There was no error.

In his seventh assignment of error, appellant asserts that the punishment imposed was excessive. After reviewing the facts of this case, this Court finds that the sentences imposed do not shock the conscience of this Court. *Walston v. State*, 597 P.2d 768 (Okl.Cr.1974).

For his last assignment of error appellant claims there was an accumulation of errors that would necessitate a new trial. It is well established that where there is no individual error, there can be no error by accumulation. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). This assignment of error is likewise without merit. The judgment and sentence is therefore AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.