**Elmer Ossie GAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–475.**

Court of Criminal Appeals of Oklahoma.

June 30, 1987.

**532**

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Elmer Ossie Gay, was tried by jury and convicted of Driving While Under the Influence of Intoxicating Liquor, Second Offense, in violation of 47 O.S.Supp.1984, § 11–902, in Tulsa County District Court, Case No. CRF–84–4333, before the Honorable Donald C. Lane, District Judge. The jury recommended a sentence of five (5) years imprisonment and a fine of $500.00. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On November 4, 1984, between 4:30 and 5:00 p.m., Officer Richard Bondy of the Tulsa Police Department observed a green pickup straddling both northbound lanes and backing up traffic for four blocks. After stopping the vehicle, Officer Bondy noticed a strong odor of alcohol on the appellant when he got out of his truck. The officer observed the appellant stagger, saw his bloodshot, watery eyes, and noticed his slurred speech. Appellant was placed under arrest after informing Bondy that he had no driver's license. After being read his rights under the Implied Consent statute, appellant refused to take a breath test. Appellant took the stand and testified that he was not drunk, but admitted that he had consumed three "jiggers" of gin earlier in the day in Sand Springs. Appellant claimed that he offered to take a blood test, but that Officer Bondy refused to allow one until appellant first took a breath test. Appellant raises three assignments of error.

▮ Appellant first claims that he was denied a fair trial when the trial court overruled his motion in limine and allowed the State to introduce nine (9) prior felony convictions for DUI, Second Offense, for impeachment purposes on cross-examination during the guilt stage of the trial. At trial, the appellant offered to stipulate to the existence of one prior felony conviction

for DUI, but argued that allowing the State to introduce nine (9) such prior convictions would serve to overwhelm the jury so as to deprive him of a fair trial on the instant charge. Appellant testified in his own behalf at trial. This Court rejected a similar argument in *Henager v. State*, 716 P.2d 669, 676 (Okl.Cr.1986), where we upheld the admission of nine (9) prior convictions for impeachment purposes under 12 O.S.1981, § 2609. As was the case in *Henager*, the trial judge in the instant case properly instructed the jury that such evidence was admissible solely for impeachment purposes, and that it could not be considered as evidence of guilt of the crime charged. In addition, it is significant that the trial judge went to great lengths to ensure that the appellant received a fair trial with regard to this issue, as the record reveals that the trial judge admonished the jury twice that the prior convictions were to be considered for impeachment purposes only. Accordingly, we cannot say that the appellant was unduly prejudiced by the admission of the nine (9) prior felony convictions. Likewise, we reject appellant's contention that the trial court erred in admitting the nine (9) prior convictions during the punishment phase.

■ Next, appellant argues that the prosecutor erred in inquiring about a prior felony conviction which was more than ten (10) years old. An examination of the record reveals that in ruling on the appellant's motion in limine, the trial judge correctly informed the prosecutor that 12 O.S. 1981, § 2609(B) prohibited the use of convictions which were more than ten (10) years old. When the prosecutor asked the appellant on cross-examination when he was "first" convicted of DUI, the appellant answered that it was in 1973, which was clearly outside the ten (10) year period since appellant was tried in 1985. At a pretrial hearing, the prosecutor informed the trial court that the earliest conviction he had on the appellant was a 1976 case and, that although the appellant "probably" had some other convictions, the prosecutor would not attempt to use them. A careful reading of the record shows that the appellant volunteered the information,

and that the prosecutor did not intentionally target the elicitation of the more than ten (10) year old conviction. In light of the proper admission of the nine (9) prior convictions, and the fact that the appellant volunteered the information in response to a general question, we cannot say that the error in placing the single improper conviction before the jury requires reversal or modification. *See Rushing v. State*, 676 P.2d 842, 853 (Okl.Cr.1984).

■ Lastly, the appellant contends that he received an excessive sentence on the basis of the foregoing assignments of error and due to the prosecutor's conduct in eliciting and stressing that the defendant had no driver's license, and in invoking societal alarm. With regard to the testimony and argument concerning the appellant's lack of a driver's license, we note that such an issue was not relevant to the question before the jury. However, the trial judge admonished the jury to disregard such evidence. In addition, it was admissible as part of the res gestae. *See Tinney v. State*, 712 P.2d 65, 67 (Okl.Cr. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1986, 90 L.Ed.2d 668 (1986). Evidence of another crime will not be excluded where it incidentally emerges as the events are revealed in their natural sequence. *Bryson v. State*, 711 P.2d 932, 935 (Okl.Cr.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1986, 90 L.Ed.2d 668 (1986).

With regard to appellant's claim that the prosecutor made improper remarks invoking societal alarm during the second stage closing argument, we are unable to see how the remarks were so improper as to warrant a modification or reversal. *See Croan v. State*, 682 P.2d 236, 239 (Okl.Cr. 1984).

Accordingly, the judgment sentence is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.