Mark Alan HART, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–588.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Mark Allan Hart, was tried and convicted in the District Court of Muskogee County for the crime of Second Degree Burglary in Case No. CRF–83–574 and was sentenced to seven (7) years imprisonment, and he appeals.

Briefly stated the facts are that on September 28, 1983, appellant pried open the back door of a fashion store in Muskogee, Oklahoma and entered the store. Subsequently, while appellant was ransacking the store, three police officers arrived and arrested appellant.

In his sole assignment of error appellant contends that improper prosecutorial comments caused the jury to impose an excessive sentence. We disagree.

The first alleged error occurred during the State's direct examination of the store owner; however, we note that appellant's objection to the erroneous line of questioning was sustained, and the jury was admonished to disregard it. We find that the admonishment cured any error. *See Wimberli v. State*, 536 P.2d 945 (Okl.Cr.1975).

■ Appellant also alleges that the State elicited irrelevant testimony from the store owner concerning the value of property in the dress shop. After reviewing the transcript, we note that the trial court sustained defense counsel's timely objection, and the witness never answered the prosecutor's question. Consequently, appellant was not harmed or prejudiced in any way.

■ Appellant finally urges that the most egregious commentary occurred during the State's closing argument when the prosecutor repeatedly referred to him as a sophisticated criminal. Initially, we observe that defense counsel interposed timely objections to the complained of comments which were overruled by the trial court. In overruling the objections the trial court stated, "The jury will decide, based upon the evidence and the law. In the meantime, he may argue his inferences that are properly derived from the evidence." We agree with the trial court's ruling and further find that the remarks are not grossly improper or unwarranted. *See Frazier v. State*, 607 P.2d 709 (Okl.Cr. 1980).

Therefore, having found that none of the prosecutor's remarks resulted in prejudice to appellant, and since the sentence imposed is within the statutory limits, we cannot say that the sentence imposed shocks the conscience of this Court. *Kiser v. State*, 541 P.2d 208 (Okl.Cr.1975). We decline to disturb the jury's verdict.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.