Gary L. **MIDDAUGH**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–85–356.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1988.

Lisbeth McCarty, Assistant Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Gary L. Middaugh, was charged with three counts of Uttering a Forged Instrument in violation of 21 O.S. 1981, § 1592, and three counts of Obtaining Merchandise and/or Money by Means of False and Bogus Checks in violation of 21 O.S.Supp.1982, § 1541.2, all After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, § 51, in Case No. CRF–84–79 in the District Court of Grady County. The trial court sustained a demurrer to one count of Uttering a Forged Instrument and the jury returned a verdict of guilty on the other five counts. Punishment was set at twenty-five (25) years' imprisonment on each count, to run consecutively. From this judgment and sentence, appellant has perfected his appeal.

On June 7, 1984, in payment for having some repair work done on his truck, appellant gave Jim Thomas a check in the amount of $200.00. In the top left hand corner of the check, an address was affixed which bore the name and address of David Cowan. This was the name that appellant signed on the check. When Mr. Thomas tried to cash the check, he was told that there were insufficient funds to cover it. It was later discovered that the account number on the check belonged to another person and that the account had been closed since 1981.

Similar incidents occurred again on July 14, 1984. On this day, appellant cashed a check at a grocery store in Chickasha. The check was written on the account of Gar-rett Communications and made out to appellant. It was purportedly signed by Charles C. Garrett. However, Charles C. Garrett was not an authorized signature on that account. Further, a person who was authorized to sign the checks from that account testified that there was no reason why such check would be written to appellant.

On this same day, appellant passed two other checks at a T G & Y store in Chickasha and one at Becky's Beauty Supply in Chickasha. On each of these checks, appellant's name and address were on a label placed in the top right hand corner of the check, and the checks were signed by him. These checks were later found to be written on the personal account of Jerry and Shirley Garrett who testified that appellant had never been authorized to use this account. Jerry Garrett also testified that the account had been closed after some of the checks had been lost.

In his first assignment of error, appellant alleges that the trial court erred in denying his motion for application for determination of competency. Title 22 O.S. 1981, § 1175.3 provides that an application for determination of competency shall be examined by the court to determine if it alleges facts sufficient to raise a doubt as to the competency of the accused. If a court finds that there is doubt as to competency, it shall order the accused to be examined.

The statutory reference to competency goes to a person's competency to stand trial. This Court has developed a two prong test to determine whether a person is competent to stand trial. First, the accused must have sufficient ability to consult with his attorney. Second, the accused must have a rational and actual understanding of the proceedings against him. *Beck v. State,* 626 P.2d 327 (Okl.Cr. 1981).

Upon review of the record of the hearing on the application for determination of competency, we find that there was sufficient evidence to support the court's finding that the appellant was able to con-

sult with his attorney and that he had a rational and actual understanding of the proceedings against him. The mere fact that appellant had been treated for a mental condition in the past, had a heart condition, and had a nervous condition was not enough to raise a sufficient doubt as to his mental capacity to stand trial—especially in light of his testimony to the contrary. (Comp.H. 12–13). Therefore, we will not reverse on this assignment of error.

█ Appellant contends in his second assignment of error that the denial of his motion for continuance at preliminary hearing violated his constitutional right to confront witnesses, his right to assistance of counsel, and his right to notice of charges against him. However, the record reveals that neither a written motion for continuance nor an attached affidavit was filed as required by 12 O.S.1981, § 668. *See Rogers v. State*, 721 P.2d 805 (Okl.Cr.1986). Because failure to follow the statutory requirements is fatal to a motion for continuance, *id.* at 807, we will not reverse on appellant's second assignment or error.

In his third assignment of error, appellant alleges that the trial court abused its discretion in denying his pre-trial motion for severance made pursuant to 22 O.S. 1981, § 436. We disagree. Appellant correctly cites *Glass v. State*, 701 P.2d 765 (Okl.Cr.1985), for the proposition that joinder of separately punishable offenses is permitted only if the offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions.

█ The facts of this case support the finding that the charged offenses were part of a series of criminal acts. Given the nature of the crime, the six week period over which the acts occurred was a relatively short period of time. Similarly, under the circumstances of this case, since the acts took place in two towns located within the same county, they may be said to have occurred in approximately the same location. Also, because of the manner in which appellant passed the bad checks in the various places, proof as to each transaction overlapped, suggesting a common scheme or plan. We therefore find that

the trial court did not abuse its discretion in denying appellant's pre-trial motion for severance. Appellant's third assignment of error is denied.

In his fourth assignment of error, appellant contends that irregularities in the jury selection prevented him from receiving a fair trial. Appellant made a motion for mistrial when one of the veniremen who had already checked in could not be located after her name was drawn. This motion was denied by the trial court and appellant contends that this constituted reversible error.

█ Appellant correctly argues that substantial compliance with the Oklahoma Statutes dealing with jury selection shall be sufficient to prevent the setting aside of a jury verdict, unless an irregularity deprives a defendant of some important right. 38 O.S.1981, § 29. The party complaining that the alleged irregularity in jury selection prejudiced him has the burden of showing such prejudice before the verdict will be set aside. *Kansas City Southern Railway v. Johnston*, 429 P.2d 720, 728 (Okla.1967). Because appellant has failed to show how the prospective juror's unexplained absence prejudiced him, and because the record demonstrates substantial compliance with the statutory requirements, we will not reverse on this assignment of error.

In his fifth assignment of error, appellant contends that the bank officials' testimony regarding the records of their respective banks was inadmissible because it failed to meet the requirements of the business records exception to the hearsay rule. Appellant urges this Court to conclude that because neither official who testified about bank records was a custodian of the records, their testimony about the records was inadmissible. However, the Oklahoma Statute dealing with exceptions to the hearsay rule provides that records will not be excluded if they are kept in the course of a regularly conducted business activity as shown by the testimony of the custodian *or other qualified witness*, unless the source of the information or the method or circum-

stances of preparation indicate lack of trustworthiness. 12 O.S.1981, § 2803.6.

Our review of the record reveals that both bank officials, although not custodians of the business records, were qualified witnesses who were able to testify as to what the records meant and represented. There was no indication that this testimony was untrustworthy and thus inadmissible. *See Tinney v. State*, 712 P.2d 65, 67 (Okl. Cr.1985). Appellant's fifth assignment of error is therefore denied.

Appellant contends in his sixth assignment of error that the trial court erred in admitting his handwriting samples into evidence. An expert testified at trial that handwriting samples taken from appellant matched the handwriting found on portions of the checks. It appears from the record that the sheriff was present when the handwriting samples were taken from appellant. He testified that he dated and initialed the samples and kept them in his possession until they were delivered to the OSBI laboratory. However, appellant alleges that there was no valid chain of custody because the State failed to show who transported the samples from the sheriff's office to the OSBI laboratory.

The purpose of the chain of custody rule is to guard against substitution of or tampering with the evidence between the time it is found and the time it is analyzed. *Contu v. State*, 533 P.2d 1000 (Okl.Cr.1975). However, if there is only the bare speculation that tampering occurred, "it is proper to admit evidence and let what doubt there may be go to its weight rather than render the evidence completely inadmissible." *Id.* at 1003. Appellant complains that there was a break in the chain of custody, but he does not allege, nor does the record indicate, that any tampering of the handwriting samples occurred. Therefore, the admission of the handwriting samples into evidence was proper, and appellant's sixth assignment of error is denied.

Appellant alleges in his seventh assignment of error that the trial judge committed reversible error by failing to grant his motion for mistrial after the judge had inadvertently read to the jury a count that had been dismissed. The record reveals that the judge admonished the jury that he had made a mistake. Further, the jury was later advised that the information was not evidence that appellant had committed a crime and should not influence their deliberations.

Errors which occur during the reading of the information are not reversible when they do not significantly prejudice the defendant. *McLeod v. State*, 725 P.2d 877, 882 (Okl.Cr.1986). Because the appellant failed to allege or show prejudice, we fail to find that this was anything more than harmless error. Accordingly, we will not reverse on appellant's seventh assignment of error.

In his eighth assignment of error, appellant alleges that improper comments made by the prosecutor during his closing argument constituted reversible error. The prosecutor told the jury that appellant "didn't deserve a break," and that he should be imprisoned long enough that he would not be able to commit any more crimes for a substantial period of time. However, because appellant failed to object to this comment, it was not properly reserved for review, absent fundamental error. *Ketcher v. State*, 748 P.2d 536, 537 (Okl.Cr.1988). We find that this single comment did not adversely affect the fundamental fairness of the trial and is therefore not grounds for reversal.

Appellant contends in his ninth assignment of error that the sentence imposed was excessive. Upon review, this Court must look at the facts and circumstances of each case to determine whether a sentence is excessive. *Dilworth v. State*, 611 P.2d 256, 261 (Okl.Cr.1980). We will not modify a sentence unless the facts and circumstances show that the sentence is so excessive that it shocks the conscience of the Court. *Id.* at 261–62.

The record reveals that appellant was sentenced to twenty-five years per count on five counts, to be served consecutively. These crimes were committed after

former conviction of two or more felonies. Therefore, appellant's sentence was only five years over the statutory minimum of twenty years on each count. *See* 21 O.S. 1981, § 1592, 21 O.S.Supp.1983, § 1541.2, and 21 O.S.1981, § 51(B). Finding that this sentence is not so excessive as to shock the conscience of the Court, we will leave it as imposed.

Finally, appellant contends that the cumulative effect of the alleged errors warrants reversal. However, where there is no individual error, there can be no error by accumulation. *Horton v. State*, 724 P.2d 773, 776 (Okl.Cr.1986). Therefore, this assignment of error is unfounded.

For the above reasons, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

While I concur in the majority's affirmance of appellant's conviction, I write separately to address appellant's second and third assignments of error.

The majority rejects appellant's second assignment, wherein he claims the trial court erred in refusing to grant a continuance at preliminary hearing, because he failed to follow 12 O.S.1981, § 668. Section 668 is found in a chapter on trials, and concerns continuances requested "on account of the absence of evidence...." The rule in *Rogers v. State*, 721 P.2d 805, 807 (Okla.Crim.App.1986), cited by the majority, was applied to the trial stage, not preliminary hearing, and is thus distinguishable. Defense counsel requested a continuance at preliminary hearing on the ground of surprise and not on account of the absence of evidence; therefore, application of the requirements of Section 668 is at least questionable, if not erroneous. I believe the proper standard of review on appeal is whether the accused suffered prejudice resulting from a clear abuse of discretion in the granting or denying of a continuance at preliminary hearing. *See Fisher v. State*, 668 P.2d 1152, 1155 (Okla.Crim.App.1983).

Here, defense counsel requested a continuance to prepare for cross-examination of newly endorsed State witnesses. Insofar as the magistrate granted defense counsel wide latitude on cross-examination, counsel succeeded in dismissing one count, and the amended Information was filed nine (9) days prior to the preliminary hearing, appellant has failed to show a clear abuse of discretion with resulting prejudice.

Turning to appellant's third assignment, "joinder of offenses is proper where the counts so joined refer to the same type of offenses occurring over a relatively short period of time, in approximately the same location, and proof as to each transaction overlaps so as to evidence a common scheme or plan." *Glass v. State*, 701 P.2d 765, 768 (Okla.Crim.App.1985). Here, appellant passed one check in Tuttle, Oklahoma, on June 7, 1984, and the remaining checks in Chickasha, Oklahoma; some six weeks later. The majority holds that because the checks were passed "in two towns located within the same county, they may be said to have occurred in approximately the same location." I cannot subscribe to the rationale that two series of criminal acts committed six weeks apart in two different towns satisfies the *Glass* requirements for proper joinder. Here, the criminal acts simply were not sufficiently connected by time, geographical proximity, and evidence to make joinder proper. *Cf. Vowell v. State*, 728 P.2d 854, 857 (Okla. Crim.App.1986); *Plunkett v. State*, 719 P.2d 834, 838 (Okla.Crim.App.1986); *Dyke v. State*, 716 P.2d 693, 697 (Okla.Crim.App. 1986); *Glass*, 701 P.2d at 768. Mere similarity of offenses does not justify joinder. *Glass*, 701 P.2d at 768. Although I would not grant a new trial because of the misjoinder, *see* 20 O.S.1981, § 3001.1, I would modify appellant's five sentences to run concurrently. Therefore, I concur in affirming appellant's convictions, but dissent to the majority's refusal to modify his sentence.