72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Tyson HORTON, Petitioner-Appellant,
v.
Larry A. FIELDS; Steve Hargett, Respondents-Appellees.
 No. 95-6117.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BRORBY, and KELLY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner William Tyson Horton appeals the district court's denial of his 28 U.S.C. 2254 petition for a writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 In December 1982, Petitioner picked up a prostitute, F.W.E., in Oklahoma City, Oklahoma. Petitioner attempted to force F.W.E. to perform oral sodomy. She refused and struggled to get away. Petitioner cut her neck with a knife. F.W.E. escaped and reported the incident to the police.
 
 
 3
 The police arrested Petitioner. The state charged him with Assault and Battery with a Dangerous Weapon After Former Conviction of a Felony, Okla. Stat. Ann. tit. 21, 645, and Oral Sodomy After Former Conviction of a Felony, Okla. Stat. Ann. tit. 21, 886. In May 1983, a jury found Petitioner guilty on all charges. Following the verdict, the court remanded Petitioner to the custody of his attorney and ordered the jury to determine its recommended punishment when it reconvened following a noon recess.
 
 
 4
 During the recess, Petitioner fled and could not be located. The state district court ordered Petitioner's appearance bond forfeited and issued a bench warrant for his immediate arrest. The jury returned and recommended Petitioner be sentenced to thirty-years imprisonment on each count. The court set sentencing for June 3, 1983.
 
 
 5
 Law enforcement authorities found Petitioner in Kansas City, Missouri. Before the authorities returned Petitioner to Oklahoma, the district attorney of Oklahoma County filed an Application to Accelerate Sentencing to June 1, 1983. The court granted the Application after a hearing, noting that Petitioner had fled the jurisdiction, and was resisting the State of Oklahoma's attempts to extradite him. On June 1, 1983, the court sentenced Petitioner in absentia to two consecutive thirty-year terms of imprisonment.
 
 
 6
 Petitioner obtained new counsel and appealed, raising a number of grounds of error. The Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Horton v. State, 724 P.2d 773 (Okla.Crim.App.1986). Petitioner filed an Application for Post-Conviction relief in the District Court of Oklahoma County, Oklahoma, which was denied. The Oklahoma Court of Criminal Appeals affirmed, concluding that all of Petitioner's asserted issues were procedurally barred on res judicata grounds, with the exception of his ineffective assistance of appellate counsel claim, which the court concluded was not meritorious. Horton v. State, No. 93-1279 (Okla.Crim.App. Dec. 29, 1993) (unpublished order).
 
 
 7
 Petitioner then filed the instant 28 U.S.C. 2254 petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. In his 2254 petition, Petitioner maintained, inter alia, that the Oklahoma state district court erred by: (1) denying him a fair and impartial sentencing hearing; (2) violating his due process rights by sentencing him in absentia; and (3) depriving him of effective assistance of counsel by accelerating the sentencing hearing and thereby preventing counsel from offering mitigating evidence. Additionally, Petitioner argued that his appellate counsel was ineffective for failing to assert the aforementioned issues. Finally, Petitioner contended that he was entitled to an evidentiary hearing on his claims.
 
 
 8
 In its recommendation, the magistrate judge determined that Petitioner's first three contentions were procedurally barred because the Oklahoma state courts denied them on independent and adequate procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review ... is barred unless the prisoner can demonstrate" cause and prejudice or a fundamental miscarriage of justice). The magistrate determined that Petitioner had not shown cause for the default and resulting prejudice, or that failure to consider his claims would result in a fundamental miscarriage of justice. The magistrate further concluded that Petitioner had failed to satisfy the Strickland v. Washington, 466 U.S. 668, 687 (1984) test for his ineffective assistance of counsel claim. Accordingly, the magistrate concluded Petitioner did not establish cause for his failure to raise the aforementioned issues. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995) ("A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel" under the Strickland test). Finally, the magistrate concluded Petitioner was not entitled to an evidentiary hearing.
 
 
 9
 The district court adopted the magistrate's recommendation and denied Petitioner's 2254 petition. The district court noted that Petitioner's issues could be resolved on the pleadings and record and therefore he was not entitled to an evidentiary hearing. See Steele v. Young, 11 F.3d 1518, 1524 (10th Cir.1993) (where petition raises only issues of law evidentiary hearing is not necessary). This appeal followed.
 
 
 10
 On appeal, Petitioner raises the same grounds he asserted below. We have examined the parties' briefs, the district court's order, the magistrate's recommendation, and the entire record on appeal. Based on our review of the record, we find no reversible error and affirm for substantially the same reasons set forth in the Magistrate's recommendation and the district court's order.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument